IT IS FURTHER ORDERED that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due him, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in his possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

## MISCELLANEOUS ORDERS

In re Report of the Commission : 
on Continuing Legal Education. :

                                    ENTRY

Randal Stephen Knight : 
( # 0060083), : 
Respondent. :

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education ("commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 2000–2001 reporting period.

On March 20, 2003, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent, and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3) and (5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in

Gov.Bar R. X(7), respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, respondent complies with this and all other orders of the court, and this court orders respondent reinstated.

On April 2, 2003, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On April 2, 2003, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. On March 28, 2003, respondent satisfied all of the requirements of this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission be adopted and respondent, Randal Stephen Knight, is hereby reinstated to the practice of law.

| In re Report of the Commission on Continuing Legal Education. | : : | |
|---|---|---|
| | | ENTRY |
| R. Russell Kubyn ( # 0029510), Respondent. | : : : | |

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education ("commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 2000–2001 reporting period.

On March 20, 2003, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent, and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3) and (5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7), respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, respondent complies with this and all other orders of the court, and this court orders respondent reinstated.

On April 2, 2003, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On April 2, 2003, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. On March 27, 2003, respondent satisfied all of the requirements of this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission be adopted and respondent, R. Russell Kubyn, is hereby reinstated to the practice of law.

[Cite as *04/08/2003 Case Announcements #2*, 2003-Ohio-1791.]

# CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS

*April 8, 2003*

## MOTION AND PROCEDURAL RULINGS

**2002–0641.  Cincinnati Ins. Co. v. Estate of McClain.**
Greene App. No. 2001CA96, 2002-Ohio-1190. This cause is pending before the court as an appeal from the Court of Appeals for Greene County.